**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv576**

| | | |
|---|---|---|
| PRECISION LINKS INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | |
| USA PRODUCTS GROUP, INC. and | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendants' Rule 12(b)(6)

Motion to Dismiss Count Two of the Complaint, filed February 27, 2009 [Doc.

14] and the Plaintiff's Motion for Extension of Time to Respond to Defendant's

Motion to Dismiss Count Two of Plaintiff's Complaint [Doc. 17].

**I.     PROCEDURAL BACKGROUND**

On December 15, 2008, the Plaintiff Precision Links Incorporated

("Precision Links") filed this action against the Defendants USA Products

Group, Inc. ("USA Products") and Home Depot USA, Inc. ("Home Depot"),

asserting claims of patent infringement, in violation of 35 U.S.C. § 271(a), and

unfair and deceptive trade practices, in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* ("UDTPA"). [Doc. 1].

After receiving two extensions of time in which to respond to the Complaint, the Defendants filed the present motion on February 27, 2009, seeking the dismissal of the Plaintiff's UDTPA claim on the grounds that the Plaintiff's Complaint fails to allege that the Plaintiff suffered an actual injury, and further, because the Complaint fails to allege sufficiently that the Defendants' alleged acts were unfair or deceptive. [Doc. 14].

The Plaintiff's response to the Defendant's Motion was due on March 16, 2009. See LCivR 7.1(E) (responses to be filed within fourteen days of the date on which the motion is served). The Plaintiff, however, did not file a response to the Defendant's Motion. Instead, on March 24, 2009, the Plaintiff filed a motion, seeking an extension of time to file a response. [Doc. 17].

## II.   PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME

The Plaintiff failed to file a timely response and now seeks an opportunity to respond to the Defendant's Motion to Dismiss well after the time therefor has expired. [Doc. 17]. For grounds, the Plaintiff states that it requires additional time to file a response "due to the substantive nature of the

Defendant's motion to dismiss." [Id. at 1].  The Plaintiff offers no explanation for its failure to seek such relief prior to the time that its response was due.

The Court finds that the Plaintiff has not stated sufficient grounds for an extension of time to respond to the Defendant's Motion to Dismiss. Accordingly, the Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint [Doc. 17] is denied.

## III.    STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so that the defendant may have "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  A defendant may challenge the legal sufficiency of a complaint by way of a Rule 12(b)(6) motion.  See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).  In reviewing such a motion, the Court must assume the facts alleged in the complaint to be true.  Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).  While

all well-pleaded factual allegations must be taken as true, the Court "need not accept the legal conclusions drawn from the facts," or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations and footnote omitted).

## IV.  FACTUAL ALLEGATIONS

Taking the allegations as set forth in the Complaint as true, the following are the relevant facts for the purpose of the Defendants' Motion to Dismiss.

The Plaintiff is the owner of U.S. Patent No. 5,673,464, entitled "Cargo Securement System and Tie Down Strap" ("the '464 Patent"). [Doc. 1 at ¶¶7, 8]. The '464 Patent is generally directed to a cargo securement system that uses one or more tie-down straps formed of an elastic material. [Id. at ¶9].

Openings within the main body of the strap provide an attachment point for the hook of the same strap or an additional strap, as well as an opening through which the main body of another strap may pass through to create a more complex strapping system. [Id. at ¶10]. The patented system was sold to Home Depot for several years, during which time Home Depot became aware of the '464 Patent. [Id. at ¶¶12, 13]. Home Depot stopped purchasing the patented system in 2005. [Id. at ¶12]. In 2008, the Defendants began importing and selling a strap ("accused strap") identical to the strap claimed in the '464 Patent. [Id. at ¶¶15-18]. Although the material from which the strap is made is not a limitation of any claim of the '464 Patent, the accused strap is made of an inferior rubber. [Id. at ¶21].

The Plaintiff contends that the Defendants have committed unfair and deceptive trade practices by "manufacturing the accused straps or having them manufactured of a cheap and inferior material"; by "shaping and configuring [the straps] in such a way as would be perceived by a member of the general public as being substantially identical to genuine straps, knowing that the accused straps pose a substantially increased risk of malfunction and injury"; and "selling the accused straps as the substantial equivalent of the

Plaintiff's genuine straps."  [Id. at ¶37].  Additionally, the Plaintiff alleges as follows:

> If the accused straps malfunction, a direct and proximate result of such a malfunction will be the tarnishment of the valuable goodwill associated with the Plaintiff's superior genuine straps, and may expose the Plaintiff to product liability litigation, through mistake resulting from an injured party's inability to distinguish the accused straps from the Plaintiff's genuine straps.

[Id. at ¶38].  The Plaintiff contends that the "increased risk" of damage to its goodwill and exposure to litigation has injured its business. [Id. at ¶39].

## V.    ANALYSIS

In order to recover under the UDTPA, a plaintiff must show: "(1) that the defendant engaged in conduct that was in or affecting commerce, (2) that the conduct was unfair or 'had the capacity or tendency to deceive,' and (3) 'that the plaintiff suffered *actual injury* as a proximate result of defendant's deceptive statement or misrepresentation.'" ABT Bldg. Products Corp. v. Nat'l Union Fire Ins. Co., 472 F.3d 99, 122 (4th Cir. 2006) (quoting Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, 80 F.3d 895, 902 (4th Cir.1996)) (emphasis added).

In the present case, the Complaint alleges that *if* the accused product malfunctions, the Plaintiff's goodwill will be tarnished and the Plaintiff *may* be

exposed to product liability litigation. [Doc. 1 at ¶38]. Such speculative allegations of possible harm in the future are simply insufficient to establish the actual injury necessary to support a claim under the UDTPA. See Coker v. DaimlerChrysler Corp., 172 N.C. App. 386, 397, 617 S.E.2d 306, 313 (2005) (dismissing UDTPA claim for lack of legal injury in fact where plaintiffs sought damages "for possible *future* expenses not yet incurred"); Southern States Imports, Inc. v. Subaru of America, Inc., NO. 5:05-CV-752-F(2), 2008 WL 2234625, at *10 (E.D.N.C. May 30, 2008) (concluding that plaintiff's "speculative contention" regarding loss of dealership contract and resulting future sales "does not suffice to establish proximate cause of injury, a necessary element of [a] claim under UDTPA"). Having failed to allege an actual injury, the Plaintiff's claim under the UDTPA must be dismissed.[1]

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that:

(1)    The Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint [Doc. 17] is **DENIED**;

---

[1]Having concluded that the Plaintiff has failed to allege an actual injury, the Court need not address whether the Complaint sufficiently alleges that the Defendants have engaged in any unfair or deceptive trade practices.

(2)    Defendants' Rule 12(b)(6) Motion to Dismiss Count Two of the Complaint [Doc. 14] is **GRANTED**, and the Plaintiff's UDTPA claim is **DISMISSED**;

(3)    Defendants shall file an Answer to the Plaintiff's Complaint on or before **April 8, 2009**;

(4)    The parties shall conduct an Initial Attorneys' Conference by **April 22, 2009** and shall file a certification of the same on or before **April 29, 2009**.

**IT IS SO ORDERED.**

Signed: March 25, 2009

Martin Reidinger
United States District Judge