IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**CIVIL CASE NO. 3:08cv576**

| | |
|---|---|
| **PRECISION LINKS INCORPORATED,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | <u>**O R D E R**</u> |
| ) | |
| **USA PRODUCTS GROUP, INC. and** ) | |
| **HOME DEPOT U.S.A., INC.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Entry of Default Against Counterclaim-Defendant Precision Links Incorporated [Doc. 32].

**I.     PROCEDURAL BACKGROUND**

On December 15, 2008, the Plaintiff Precision Links Incorporated filed this action against the Defendants USA Products Group, Inc. and Home Depot USA, Inc., asserting a claim for the infringement of U.S. Patent No. 5,673,464 ("the '464 Patent") and a claim for unfair and deceptive trade practices, in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* ("UDTPA").  [Doc. 1].  On

February 27, 2009, the Defendants filed a Motion to Dismiss the Plaintiff's UDTPA claim. [Doc. 14]. On March 25, 2009, the Court granted the Defendant's Motion to Dismiss and directed the Defendants to file an answer to the remaining infringement claim on or before April 8, 2009. [Doc. 18]. On April 8, 2009, the Defendants filed an Answer and Counterclaims to the Plaintiff's Complaint. [Doc. 20]. The Counterclaims seek declarations of non-infringement and invalidity of the '464 Patent. [Id. at 8-9].

On May 19, 2009, the Plaintiff filed a Motion for Preliminary Injunction. [Doc. 25].[1] On May 27, 2009, the Defendants filed a Motion for Extension of Time to respond to the Plaintiff's Motion for Preliminary Injunction. [Doc. 29]. The Defendants specifically state in their motion that the Plaintiff agreed to this extension of time. The Court granted the Defendants' Motion, and extended the Defendants' deadline for responding to the preliminary injunction motion to June 17, 2009. [Doc. 30].

On May 28, 2009, at 4:54 p.m., the Defendants filed the present Motion for Entry of Default. [Doc. 32]. By 6:10 p.m., the Plaintiff had filed an

---

[1] The Court struck this pleading due to its non-compliance with the Court's page and font limitations. [Doc. 37]. The Plaintiff subsequently re-filed this Motion on June 16, 2009. [Doc. 38].

Opposition to Entry of Default [Doc. 34] and a Reply to the Defendants' Counterclaims [Doc. 33].

## II. ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter default against a party which has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). Once an entry of default has been made, the party seeking judgment may seek a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). An entry of default, however, may be set aside upon a showing of good cause by the defaulting party. Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default, the Court should consider the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

The Clerk of Court has not yet entered default against the Plaintiff with respect to the Defendants' counterclaims. Upon careful review of the pleadings in this case, the Court concludes that an entry of default is not

warranted. The Plaintiff's failure to timely respond to the Defendants' Counterclaims appears to be more of a technical oversight than a failure "to plead or otherwise defend" the action. See Fed. R. Civ. P. 55(a). The Defendants' Counterclaims for declarations of noninfringement and invalidity are a direct counter to the Plaintiff's allegations that the '464 Patent is valid and has been infringed. [See Doc. 1 at ¶¶ 25-29]. If the Court were to enter a default judgment on these Counterclaims, the Plaintiff's entire case would fail, as declarations of invalidity and non-infringement would be complete defenses to the Plaintiff's infringement claim. Clearly, the Plaintiff does not intend to abandon its sole claim of infringement. Indeed, after the Defendants filed their Counterclaims, the Plaintiff continued to assert its infringement claim by filing a Motion for Preliminary Injunction and asserting its likelihood of success on the merits of its claim. [Doc. 38]. Moreover, the Plaintiff has taken prompt action to address its failure to respond to the Counterclaims. Within two hours of the filing of the Motion for Entry of Default, the Plaintiff filed both an opposition to the Defendants' Motion and a formal response to the Defendants' Counterclaims. As such, the Defendants' request for entry of default has been rendered moot. Finally, the Court notes that the

Defendants have not demonstrated any prejudice that would result from denying the entry of default.

For these reasons, the Court concludes that the Defendants' request for entry of default should be denied.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Entry of Default Against Counterclaim-Defendant Precision Links Incorporated [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 2, 2009

Martin Reidinger
United States District Judge