**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:08-cv-00576-MR**

| | |
|---|---|
| **PRECISION LINKS INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **USA PRODUCTS GROUP, INC. and** ) | |
| **HOME DEPOT U.S.A., INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the United States

Court of Appeals for the Federal Circuit, 527 F. App'x 852 (Fed. Cir. 2013),

and the parties' supplemental briefing [Docs. 125, 126].

**I.    PROCEDURAL BACKGROUND**

This is an action for patent infringement involving U.S. Patent No.

5,673,464 ("the '464 Patent" or "the Patent").  By an Order entered July 14,

2011, the Court found that "Plaintiff's infringement claim was objectively

baseless and subjectively lacking in good faith" and that "several instances

of Plaintiff's conduct in this litigation were so vexatious and unjustified so as

to warrant the imposition of fees in this case."  [Doc. 99 at 18].  Based on

these findings, the Court concluded that this case is "exceptional" within the

meaning of 35 U.S.C. § 285 and granted the Defendants' motion for an award of attorneys' fees and costs incurred in defending this litigation. [Id. at 22]. The Court subsequently awarded the Defendants $250,395.00 in attorneys' fees, as well as an award of pre-judgment interest, post-judgment interest, and costs. [Doc. 113].

The Plaintiff appealed the award of fees. On June 7, 2013, the Court of Appeals for the Federal Circuit vacated the fee award. Precision Links Inc. v. USA Products Group, Inc., 527 F. App'x 852 (Fed. Cir. 2013). While the Federal Circuit sustained most of this Court's findings, it disagreed with the rulings that the Plaintiff's infringement contention under Claim 1 was objectively baseless and that the Claim 1 infringement allegations were brought in bad faith. Id. at 855. Because the allegations as to Claim 1 "played a significant part in the litigation" in this Court's exceptional case determination, the Federal Circuit vacated the attorney fee award and remanded this case for consideration of "the specific types of conduct" that the Federal Circuit identified as potentially supporting a fee order. Id. at 858. The Federal Circuit instructed that "[o]n remand, the district court should determine whether it continues to regard this case as exceptional and deserving of an attorney fee award in light of our holding that Precision's infringement allegations as to claim 1 were not frivolous. If so, it

should determine what award amount is appropriate for the remaining conduct." Id. at 858-59.

Following the entry of the mandate on August 2, 2013 [Doc. 123], this Court ordered the parties to submit supplemental briefs addressing the issues identified in the Federal Circuit's Order. [Doc. 124]. The parties filed their supplemental briefs on September 11, 2013. [Docs. 125, 126].

Having been fully briefed, this matter is now ripe for determination.

## II. DISCUSSION

The Patent Act provides that a district court may award reasonable attorneys' fees to the prevailing party "in exceptional cases." 35 U.S.C. § 285. The purpose of § 285 is not to punish the plaintiff for bringing an infringement claim but rather "to compensate a defendant for attorneys' fees it should not have been forced to incur." Kilopass Tech., Inc. v. Sidense Corp., 738 F.3d 1302, 1313 (Fed. Cir. 2013).

Until recently, an award of attorneys' fees under § 285 required a finding of "some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc., 393 F.3d 1378, 1381 (Fed.

3

Cir. 2005). Absent a finding of misconduct during the patent litigation or prosecution, an award of attorneys' fees was appropriate under § 285 "only if both (1) the litigation [was] brought in subjective bad faith, and (2) the litigation [was] objectively baseless." Id. (citing Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60-61 (1993)). The party seeking an award of attorneys' fees under § 285 was required to establish the "exceptional" nature of the case by clear and convincing evidence. Id. at 1382. On appeal, a district court's determination of objective baselessness was reviewed without deference, and any factual findings underlying a determination of subjective bad faith were reviewed for clear error. See Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300, 1309-10 (Fed. Cir. 2012). It was under these standards that the Federal Circuit vacated the fee award in the present case and remanded for further consideration. See Precision Links, 527 F. App'x at 854-55.

While this matter has been pending, however, the United States Supreme Court overruled the entire Brooks Furniture framework, concluding that the Federal Circuit's standards as enunciated therein are "unduly rigid" and "impermissibly encumber[ ] the statutory grant of discretion to district courts." Octane Fitness, LLC v. Icon Health & Fitness, Inc., 134 S.Ct. 1749, 1755 (2014). Under the new standard announced by

the Supreme Court, the exceptional case analysis "begins and ends with the text of § 285," a statutory provision which the Court noted "is patently clear" and "imposes one and only one constraint on district courts' discretion to award attorneys' fees in patent litigation: The power is reserved for 'exceptional' cases." Octane Fitness, 134 S.Ct. at 1755-56. Because "exceptional" is not defined by the Patent Act, the Court construed the term in accordance with its plain and ordinary meaning. See id. (noting that "exceptional" is commonly defined as "uncommon, rare, or not ordinary") (citation and internal quotation marks omitted). Based on this commonly understood meaning, the Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756. The Court further rejected a clear and convincing evidentiary standard, holding that the determination of exceptionality is "a simple discretionary inquiry," imposing no specific evidentiary burden. Id. at 1758. Rather, the determination must be made on a case-by-case basis, with consideration of "the totality of the circumstances." Id. at 1756. In another opinion issued the same day, the Supreme Court reiterated that the exceptionality determination is a matter

of discretion and therefore is to be reviewed only for an abuse of discretion on appeal.  Highmark, Inc. v. Allcare Health Mgmt. Sys., 134 S.Ct. 1744, 1748 (2014).

The Court is now tasked with re-evaluating its exceptional case determination in light of the directives from the Federal Circuit, as well as the new analytical framework announced by the Supreme Court in Octane Fitness and Highmark.[1]

Upon careful consideration of the totality of the circumstances, the Court concludes that this matter is an exceptional case.  First, considering both the governing law and the facts of the case, the Plaintiff's litigating position with respect to Claims 6 and 8 was clearly frivolous and objectively baseless.  See Precision Links, 527 F. App'x at 857.  As the Supreme Court noted in Octane Fitness, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."  134 S.Ct. at 1757.

---

[1] "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Spencer v. Earley, 278 F. App'x 254, 261-62 (4th Cir. 2008) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).  Courts, however, have recognized an exception to this doctrine where "controlling authority has since made a contrary decision of law applicable to the issue...."  United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal quotation marks and citation omitted).  Clearly, the Supreme Court's decisions in Octane Fitness and Highmark present a contrary decision of law applicable to the issues before the Court, and therefore, the Court is bound by the Supreme Court's new precedent and is not bound by the legal standards applied by the Federal Circuit on appeal.

Additionally, the Court finds that this case "stands out from others" with respect to the unreasonable manner in which the case was litigated. Id. at 1756. First, the Plaintiff sought a preliminary injunction based in large part on a theory that the accused straps were manufactured of an inferior material and posed a threat of malfunction and potential injury to consumers. The Plaintiff sought to enjoin the Defendants from selling the allegedly inferior straps because of the risk of injury and the potential for consumers to mistake the straps for the Plaintiff's product. This Court previously concluded that this theory was frivolous, and the Federal Circuit affirmed. See Precision Links, 527 F. App'x at 857 (sustaining "the court's reliance on the improvident preliminary injunction motion as further support for the court's exceptional case finding").

Second, the Plaintiff's efforts to circumvent a dismissal of its untimely appeal were clearly frivolous and baseless. After filing a late notice of appeal, the Plaintiff returned to this Court, asking the Court to characterize its response to the Defendants' motion for summary judgment as a timely notice of appeal; to amend a previous order to retroactively grant an extension of time for filing its notice of appeal; or to treat its out-of-time notice of appeal as a request for an extension of time to file a notice of appeal because of excusable neglect. The Defendants opposed that

7

motion and filed a motion in the Federal Circuit Court of Appeals to dismiss the appeal as untimely. Before this Court ruled on the Plaintiff's motion, the Federal Circuit dismissed the Plaintiff's appeal, thereby rendering the Plaintiff's motion in this Court moot. The Plaintiff's attempts to resuscitate its appeal were baseless, as this Court lacked authority to grant any of the relief the Plaintiff requested. See Precision Links, 527 F. App'x at 857-58. Plaintiff's frivolous litigation over its untimely notice of appeal unduly extended the proceedings and imposed additional burdens on the Defendants. This litigation misconduct also supports a finding that this case is exceptional.

The Federal Circuit vacated the fee award because it disagreed with this Court's findings regarding Claim 1. Specifically, the Federal Circuit found that the Plaintiff's infringement theory as to Claim 1 was not objectively baseless and that it was improper for this Court to conclude that the infringement allegations as to Claim 1 were brought in bad faith. Id. at 855. Notwithstanding the Federal Circuit's findings regarding Claim 1, however, the Court continues to regard this case as exceptional under 35 U.S.C. § 285, particularly in view of the fact that the infringement theories underlying Claims 6 and 8 were frivolous and that the Plaintiff engaged in litigation misconduct. Further, the Court concludes that it would be a gross

injustice not to compensate the Defendants for having to defend against frivolous claims and for having to expend extra effort to counteract the Plaintiff's frivolous litigation conduct. Thus, given the totality of the circumstances, the Court finds that this case is exceptional, even without any findings of objective baselessness or bad faith as to Claim 1.

The Court is mindful, however, of the Federal Circuit's admonition that an exceptional case finding based primarily on specific instances of litigation misconduct "usually does not support a full award of attorneys' fees" and generally should be limited to compensating "for the extra legal effort to counteract the misconduct." Id. at 858 (internal quotation marks and citations omitted). In light of the Federal Circuit's finding that the Plaintiff's assertion of two out of the three independent patent claims was frivolous, the Defendants request two thirds of the fees originally sought for activities in defense of the three infringement claims. [Doc. 126 at 5].[2] The Plaintiff counters that it would not be grossly unjust to require the Defendants to bear their own litigation costs, despite any finding of

_____

[2] The Defendants further contend a greater fee award is justified by the fact that in December 2012, while this matter was pending on appeal with the Federal Circuit, a third party produced new evidence allegedly showing that the Plaintiff sold the patent in June 2010, during the pendency of this litigation, an act which the Defendants contend "rais[es] the question of whether Plaintiff even had standing to continue pursuing its claims as pled." [Doc. 126 at 5]. The Plaintiff has not had the opportunity to respond to these contentions, and therefore the Court will not consider them in making the exceptional case determination.

exceptionality. Alternatively, the Plaintiff contends that any fee award should be limited only to the extra legal work required by the frivolous claims or conduct. [Doc. 125 at 7-8].

There were three major litigation phases in this case: the preliminary injunction motion, the claim construction, and the appeal. As noted above, the Court has concluded that the Plaintiff's request for preliminary injunctive relief and its attempts to resuscitate its untimely notice of appeal were baseless. With respect to the claim construction proceeding, the Court was required to construe a number of terms from each of Claims 1, 6, and 8. [See Doc. 71 at 12-39]. Thus, the assertion of two frivolous infringement claims resulted in the Defendants having to expend at least some extra effort in litigating claim construction as well. Under these circumstances, the Court finds that an award of two-thirds of the original fee award would adequately compensate the Defendants for the extra legal effort expended as a result of the Plaintiff's assertion of baseless claims and assorted litigation misconduct. Accordingly, the Court, in the exercise of its discretion, shall award the Defendants fees in the amount of $165,260.70, which represents two-thirds of the amount originally awarded to the Defendants.

The Defendants further request reinstatement of the costs, pre-judgment interest, and post-judgment interest previously awarded. The Plaintiff makes no specific objection to the award of costs and interest. Accordingly, the Court hereby reinstates the award of costs in the amount of $518.70; pre-judgment interest in the amount of 8% per annum from December 15, 2008, the filing date of the Complaint, through July 14, 2011, the date of the original fee Order; and post-judgment interest from July 14, 2011 at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the July 14, 2011 Order.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants are hereby awarded the sum of One Hundred and Sixty-Five Thousand Two Hundred and Sixty Dollars and Seventy Cents ($165,260.70) for their reasonable attorneys' fees; an award of pre-judgment interest thereon in the amount of 8% per annum, through and including July 14, 2011; an award of post-judgment interest pursuant to 28 U.S.C. § 1961 from July 14, 2011; and an

Case 3:08-cv-00576-MR   Document 131   Filed 06/24/14   Page 11 of 12

award of costs in the amount of Five Hundred and Eighteen Dollars and Seventy Cents ($518.70).

**IT IS SO ORDERED.**

Signed: June 24, 2014

Martin Reidinger
United States District Judge